[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MOTION FOR SUPPORT ALIMONY PENDENTE LITE
The plaintiff filed these pendente lite motions dated July 5, 1996 seeking among other things support and alimony. The parties have resolved the other claims set forth in the above mentioned motion but were unable to resolve the issues of temporary support and alimony. Both parties have submitted financial affidavits, the plaintiff claims a net weekly income from AFDC of $137.67 (affidavit dated 9/10/96 110) and the defendant claims net weekly income of $352.00 (affidavit dated 9/9/96 109). If the court accepts the testimony and affidavit of the defendant, his support obligation under the guidelines would be $157.00 per week. The parties were married on April 9, 1989 and have three children as issue of this marriage.
The issue presented here is whether the court should base its award of temporary alimony on the affidavit and claim of the defendant that he is now only earning $400.00 per week, or whether the court should base its award on his earning capacity as urged by the plaintiff.
The defendant is a truck driver who has worked for Siracusa Moving both as an independent contractor and as an employee. There was testimony that from January 1994 to June 1994 he earned $21,000.00 as an employee. Thereafter he purchased a truck and worked as an independent contractor and from July 1994 through December 1994 earning $52,600.00 gross, and earning $102,000.00 gross as an independent contractor in 1995. In 1996 he worked only until June or July as an independent contractor earning about $60,000.00 when he had an accident with his truck. The defendant testified that he was subsequently forced to sell the truck to his friend Mr. Dervisi and has since worked for Mr. Dervisi for $400.00 per week.
The claim and testimony of the defendant that the accident or circumstances of July 1996 caused him to transfer his truck to Mr. Dervisi and that he now works for Mr. Dervisi is not credible. The fiction Mr. Younan attempts to thrust on the court CT Page 147 that he now works for Mr. Dervisi is both convoluted and transparent the court does not believe the testimony of the arrangement with Mr. Dervisi or that he is in fact earning $400.00 per week. On the other hand, the testimony of the plaintiff's to how much the family has spent in the past few years is of little assistance to the court in connection with Mr. Younan's earning capacity. The issue is not what the family spent but what income Mr. Younan has earned in the past to provide a basis for establishing his earning capacity. It is clear from the limited relevant testimony the court heard, that his earning capacity is clearly more than his claimed earnings of $400.00 per week, and is at least in the amount of $35,000.00 per year which his counsel urges the court to use as an estimate in order to establish his support obligations.
The court again reminds the parties that this motion is seeking temporary orders and that the final hearing will give both parties the opportunity to fully develop their respective positions. The court is also cognizant that until the time of the final hearing that Mrs. Younan and these three young children must be fed, housed, and clothed. The court will find that Mr. Younan's capacity exceeds what he claims he is presently earning and for the purpose of determining his support obligation will use the gross figure as urged by his attorney of $35,000.00 or a net weekly amount of $470.00. The court will order that the defendant Mr. Younan pay the sum of $207.00 for the support of his minor children, that he shall pay $50.00 per week as temporary alimony and further, that he maintain medical insurance for his wife and children at his own expense.
PELLEGRINO, J.